RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/21/11
BY ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COREY DARNALL MCKAY (#326162) | DOCKET NO. 10-CV-1615; SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by Plaintiff Corey Darnall McKay on October 8, 2010, in the Shreveport Division of the Western District of Louisiana. Leave to proceed *in forma pauperis* was granted on October 27, 2010. [Doc. #3] On November 12, 2010, the case was transferred to the Alexandria Division of this Court. [Doc. #7] Plaintiff is a convicted sex offender incarcerated at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He complains that he is being held beyond his good time release date, and he seeks compensatory damages as well as an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Plaintiff states that he is a convicted sex offender, but is presently serving a sentence for some other conviction. Plaintiff apparently opted to receive diminution of sentence for good behavior in lieu of incentive wages, in accordance with the

provisions of Louisiana's "good-time" law, La. R.S. 15:571.3[1]. He alleges that his good time release date has passed, yet he is still confined at AVC.

Although Plaintiff is eligible for early release, Louisiana's Revised Statutes require all sex offenders to have an approved residence plan before they can actually be released on parole. According to Revised Statute 15:574.4.3:

> E. (1) In cases where parole is permitted by law and the offender is otherwise eligible, **the Board of Parole shall not grant parole to any sex offender** either by an order of the Board of Parole or office of adult services pursuant to R.S. 15:571.3 **until** the Department of Public Safety and Corrections, division of probation and parole, has **assessed and approved the suitability of the residence plan of such offender. In approving the residence plan of the offender, the department shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.**

Plaintiff's plan was to live with his grandparents; however, the plan was rejected because there are children residing in the grandparents' home. Plaintiff claims that this same residential plan was accepted when he was released from custody on a prior occasion, but it is not being approved now.

---

[1] 15:573.1(A)(1) Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor, except a prisoner convicted a second time of a crime of violence as defined by R.S. 14:2(B) or when the sentencing court has denied or conditioned eligibility for "good time" as provided in R.S. 15:537, may earn a diminution of sentence, to be known as "good time," by good behavior and performance of work or self-improvement activities, or both. The amount of diminution of sentence allowed under this Paragraph shall be at the rate of thirty days for every thirty days in actual custody, except for a prisoner convicted a first time of a crime of violence, as defined in R.S. 14:2(B), who shall earn diminution of sentence at the rate of three days for every seventeen days in actual custody, including in either case time spent in custody with good behavior prior to sentence for which the prisoner is given credit.

2

Plaintiff's residential plan was submitted and rejected by the investigators. The Classification Officer at David Wade Correctional Center wrote, in a letter to Plaintiff, "It is unfortunate that most offenders who have a sex charge on their record usually don't find housing that can be approved by Probation and Parole. There are only a few shelters that will take sex offenders and all of them have a backlog of people waiting for a bed." [Doc. #1, p.6]

### Law and Analysis

As an initial matter, although Plaintiff filed this civil rights action under 42 U.S.C. §1983, he challenges the very fact and duration of his physical imprisonment in addition to asking for damages. To the extent that Plaintiff is seeking an immediate or speedier release from custody, his claim should be pursued through a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). However, even before Plaintiff could seek habeas relief, he must first exhaust available state court remedies.[2] Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

---

[2]The proper procedure in Louisiana for challenging the computation of a sentence is as follows:
  (1)   The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
  (2)   Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
  (3)   If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
  (4)   Should Petitioner's appeal be unsuccessful, Louisiana law allows

3

Plaintiff also seeks monetary damages pursuant to 42 U.S.C. §1983. The United States Supreme Court has stated that a §1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). **Under Heck, a plaintiff's federal claim for damages is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction *or his confinement*.** See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). Heck has been extended to also bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, a judgment in Plaintiff's favor awarding money for incarceration past his "good time release date" would

---

him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

necessarily imply the invalidity of his confinement. Accordingly, Plaintiff's §1983 claim is currently barred by Heck. Because Heck dictates that a cause of action seeking damages under §1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the §1983 complaint should be dismissed. See Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

### *Conclusion*

Plaintiff's claim has no arguable basis in law or fact and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of January, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE